IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA ROBERTS, | ) |
|     *Plaintiff,* | ) ) ) |
| v. | ) ) ) Case No. |
| JAM EQUITIES, LLC | ) ) JURY TRIAL DEMANDED |
|     *Defendant.* | ) ) ) ) |

## COMPLAINT

Plaintiff Samantha Roberts ("Ms. Roberts" or "Plaintiff"), by her attorneys, complains of Defendant JAM Equities, LLC ("JAM" or "Defendant") as follows:

### INTRODUCTION

1. This is a civil rights complaint for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII") and the Illinois Human Rights Act, 775 ILCS 5/101 *et seq.* (the "IHRA").

2. From February 22, 2021 to November 18, 2021, Plaintiff Samantha Roberts was employed as an executive assistant at JAM. On November 16, 2021, her supervisor, Asif Poonja ("Mr. Poonja"), addressed her in an inappropriate and discriminatory manner based on Ms. Roberts' sex.

3. Ms. Roberts thereafter complained to human resources and requested that human resources be present in a meeting to discuss the inappropriate comments.

4. Although Ms. Roberts had never previously been disciplined and had never been apprised, formally or otherwise, of any performance issues, Ms. Roberts was fired the next day for "performance issues."

5. The cited reason of performance issues was clearly pretextual. Instead, Ms. Roberts was in fact terminated solely in retaliation for her complaint to human resources regarding sex discrimination that she had experienced at the hands of Mr. Poonja.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction of Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391 because all of the conduct complained of occurred within this District.

**PARTIES**

8. Plaintiff Roberts is an adult resident of the State of Illinois. From February 22, 2021 to November 18, 2021, Plaintiff Samantha Roberts was employed as an executive assistant at JAM, located at 1627 N Wolcott Ave, Chicago, Illinois 60622.

9. Defendant JAM is an Illinois limited liability company located at 1627 N Wolcott Ave, Chicago, Illinois 60622 and performs business in the district.

**PROCEDURAL BACKGROUND**

10. Plaintiff Roberts exhausted her administrative remedies at the Equal Employment Opportunity Commission.

11. The U.S. Equal Employment Opportunity Commission ("EEOC") issued Ms. Roberts a Notice of Right to Sue, which Ms. Roberts received on May 3, 2022. A true and correct copy of that notification is attached as **Exhibit A**.

12. This Complaint is being filed within 90 days of Ms. Roberts' receipt of the EEOC Notice of Right to Sue.

**ALLEGATIONS OF FACT**

13. From February 22, 2021 to November 18, 2021, Plaintiff Samantha Roberts was employed as an executive assistant at JAM.

14. On November 16, 2021, while Ms. Roberts was working from home but known to be not feeling well, her supervisor, Mr. Poonja, addressed by text her in a demeaning, inappropriate, and discriminatory manner based on Ms. Roberts' sex.

15. More specifically, Mr. Poonja criticized her for failing to perform a task that was actually the responsibility of a male colleague. When Ms. Roberts pointed this out to Mr. Poonja, he became hostile with her and told her that he "did not like [her] tone[,] and "[d]on't ever do that again."

16. Ms. Roberts immediately told Mr. Poonja that the matter in which he addressed her was unprofessional and threatening. Further, this was not an isolated incident and she felt that the threatening nature of Mr. Poonja's language was a direct result of her being a woman. To Ms. Roberts' knowledge, Mr. Poonja had not addressed her fellow male colleagues in such a manner, including the male colleague that had failed to perform the task at issue.

17. Accordingly, Ms. Roberts thereafter complained to JAM's human resources and requested that human resources be present in a meeting to discuss the inappropriate comments.

18. Mr. Poonja's inappropriate comments, however, were not the subject of the subsequent meeting. Instead, although Ms. Roberts had never previously been disciplined and had never been apprised, formally or otherwise, of any performance issues, Ms. Roberts was fired the next day for "performance issues."

19. The claim of "performance issues" was clearly pretextual, as Ms. Roberts had received excellent performance reviews during her employment.

20. Rather, Ms. Roberts was in fact terminated solely in retaliation for her complaint to human resources regarding sex discrimination that she had experienced at the hands of Mr. Poonja.

## COUNT I

### Title VII—Discrimination and Retaliation on the Basis of Sex

21. Ms. Roberts realleges the foregoing paragraphs as though fully set forth herein.

22. Ms. Roberts is a member of a protected class on the basis of sex.

23. Ms. Roberts, in all respects, was performing her job in a manner that was consistent with JAM's legitimate business expectations.

24. JAM discriminated against Ms. Roberts as described above, including but not limited to the manner in which Mr. Poonja made demeaning, inappropriate and discriminatory comments to her, and firing Ms. Roberts when she complained of this treatment.

25. JAM retaliated against Ms. Roberts as described above.

26. JAM's actions were taken with a willful and wanton disregard of Ms. Roberts' rights under Title VII.

27. As a direct and proximate result of said unlawful employment practices and in disregard of Ms. Roberts' rights and sensibilities, Ms. Roberts has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

## COUNT II

### IHRA—Discrimination and Retaliation on the Basis of Sex and Gender-Related Identity

28. Ms. Robert's realleges the foregoing paragraphs as though fully set forth herein.

29. Ms. Roberts is a member of a protected class on the basis of sex.

30. Ms. Roberts, in all respects, was performing her job in a manner that was consistent with JAM's legitimate business expectations.

31. JAM discriminated against Ms. Roberts as described above, including but not limited to the manner in which Mr. Poonja made demeaning, inappropriate and discriminatory comments to her, and firing Ms. Roberts when she complained of this treatment.

32. JAM retaliated against Ms. Roberts as described above.

33. JAM's actions were taken with a willful and wanton disregard of Ms. Roberts' rights under Title VII.

34. As a direct and proximate result of said unlawful employment practices and in disregard of Ms. Roberts' rights and sensibilities, Ms. Roberts has suffered humiliation, degradation, emotional distress, other consequential damages, and lost wages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Roberts prays that this Court:

A. Enter judgment in favor of Ms. Roberts and against the Defendant for violation of Ms. Roberts' Rights under Title VII and the IHRA;

B. Declare that the actions of the Defendant constituted unlawful discrimination;

C. Award Ms. Roberts compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate her for her losses, and damages for emotional distress;

D. Award Ms. Roberts punitive damages in such amount as the Court deems proper;

E. Award Ms. Roberts her costs, attorneys' fees, and non-taxable expenses in this action; and

F. Grant Ms. Roberts such other and further relief as the Court deems equitable and just.

**JURY DEMAND**

Plaintiff Samantha Roberts hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Dated: August 1, 2022                Respectfully submitted,

/s/ Brian C. Prendergast
*One of Plaintiff's Attorneys*

Richard J. Prendergast, Esq.
Brian C. Prendergast, Esq.
Prendergast Layden, Ltd.
191 North Wacker Drive, 31st Floor
Chicago, Illinois 60606
(312) 641-0881
rprendergast@rjpltd.com
bprendergast@rjpltd.com

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office
230 S Dearborn Street
Chicago, Illinois 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Samantha J. Roberts
2958 W North Ave Unit 201
Chicago, IL 60647

Charge No: 440-2022-01590

EEOC Representative and email:

Jesse Ramos
Assistant Investigator
jesse.ramos@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2022-01590.

On Behalf of the Commission:

Digitally Signed By: Julianne Bowman
5/3/2022
Julianne Bowman
District Director

**Cc:** JAM Restaurant Group

Please retain this notice for your records.

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice.** Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests. Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 440-2022-01590 to the District Director at Julianne Bowman, 230 S Dearborn Street Chicago, IL 60604. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to:

https://www.eeoc.gov/eeoc/foia/index.cfm.